**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GEORGIA O. CLIFT,
<u>Plaintiff-Appellant,</u>

v.

DONNA M. WARE; ROBERT J.

DVORAK; ANNE ARUNDEL COUNTY,
MARYLAND, a Body Politic of the
State of Maryland,
<u>Defendants-Appellees.</u>

No. 98-1251

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CA-97-2957-JFM)

Argued: October 26, 1998

Decided: December 18, 1998

Before WILKINSON, Chief Judge, MURNAGHAN, Circuit Judge,
and MOON, United States District Judge for the
Western District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Thomas Arthur Pavlinic, Annapolis, Maryland, for
Appellant. John Francis Breads, Jr., Senior Assistant County Attor-
ney, Annapolis, Maryland, for Appellees. **ON BRIEF:** Phillip F.
Scheibe, County Attorney, Annapolis, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In this local land-use dispute, plaintiff sued municipal officials under 42 U.S.C. § 1983 for denying her a permit to demolish her home. Plaintiff eventually received the permit, yet sought to recover her costs of litigation and delay. Because the applicable municipal building code gives local officials the discretion to deny such permit applications, however, plaintiff lacked a cognizable property interest in the demolition permit. We therefore affirm the district court's dismissal of her claims.

I.

For approximately one hundred thirty years Georgia O. Clift's family owned a Victorian home at 5601 Ballman Avenue in Anne Arundel County, Maryland. Last occupied in 1985, the structure fell into serious disrepair -- it had no running water, electricity, or heating system, it had holes in its roof, and it suffered damage from vandalism. Once assessed at $83,000, the house was reassessed in 1993 at a value of only $5,000. Concerned about liability, unable to render the house habitable, and lacking a caretaker for the property, Clift asked her attorney, Thomas A. Pavlinic, to obtain a demolition permit in 1994.

Pavlinic initially consulted with Donna M. Ware, the Historic Sites Surveyor for Anne Arundel County, who allegedly stated that she would urge the Director of Planning and Code Enforcement, Robert J. Dvorak, to deny the permit application. Ware had listed the Ballman Avenue property on the Maryland Inventory of Historic Properties (MIHP) in 1985.

On July 29, 1994, Pavlinic wrote to Dvorak to request a demolition permit. The letter included a permit application but did not include the

2

application fee, Clift's original signature, or the accompanying information required by the county building code. On August 16 Pavlinic re-submitted the permit application. This submission also lacked the application fee and the required supporting information.

On September 1 Dvorak informed Pavlinic that he intended to deny Clift's permit application because the house was in a "stable and secured state" and because Clift allegedly anticipated a future subdivision on the site. Clift denies that she or Pavlinic ever expressed an interest in subdividing the property.

In the following weeks Ware and Dvorak submitted an emergency ordinance to the Anne Arundel County Council. The proposed ordinance barred demolition on MIHP properties "unless retention of the structure threatens public health or safety or denies the owner every economically viable use of the property." Anne Arundel County Bldg. Code § 110.1.1. Ware testified in favor of the ordinance at an October 3 council meeting, and the council passed it that same night. The County later conceded that it passed the ordinance because of Clift's desire to demolish her house.

Clift appealed the permit denial to the Anne Arundel County Board of Appeals. On April 7, 1995, the Board granted Clift's request for a demolition permit. The Board applied the new county ordinance to Clift's appeal, but found that a permit should issue because the rehabilitation of the Ballman Street house was not an economically viable option. The County appealed this decision to the Circuit Court of Anne Arundel County, but that court affirmed the Board's decision.

The County then appealed to the Court of Special Appeals of Maryland, which found that the Board should not have applied the new ordinance to Clift's application and remanded the case for further proceedings. Instead of pursuing additional proceedings, the County issued Clift a demolition permit on March 6, 1997. The house was razed a few weeks later.

Clift filed this action under 42 U.S.C. § 1983 against Ware, Dvorak, and Anne Arundel County, claiming that the defendants violated her constitutional property rights by denying her building permit application. The district court granted the defendants' motion to dis-

3

miss. Clift appeals that order with respect to defendants Ware and Dvorak. We affirm.

II.

For Clift to succeed on her due process claim, she must show a "cognizable property interest, rooted in state law," in the demolition permit. Biser v. Town of Bel Air, 991 F.2d 100, 103-04 (4th Cir. 1993) (internal quotation marks omitted). The state or municipal scheme must provide her not a mere "unilateral expectation," but rather a "legitimate claim of entitlement" to the permit. Board of Regents v. Roth, 408 U.S. 564, 577 (1972). Local permitting schemes only grant such an entitlement where "the local agency lacks all discretion to deny issuance of the permit or to withhold its approval." Gardner v. City of Baltimore Mayor & City Council, 969 F.2d 63, 68 (4th Cir. 1992); see also Sylvia Dev. Corp. v. Calvert County, 48 F.3d 810, 826-27 (4th Cir. 1995). "Any significant discretion conferred upon the local agency defeats the claim of a property interest." Gardner, 969 F.2d at 68.

Because the Anne Arundel County Building Code vests discretion in local officials, Clift's claim to a property interest must fail. Under the building code the official reviewing a permit application must determine whether that application "conforms to the requirements of this code and all laws and ordinances applicable thereto." Anne Arundel County Bldg. Code § 112.1.* Clift's belief that her application satisfied this criteria does not eliminate the grant of discretion -- the very "question of whether criteria are met must be resolved by the exercise of judgment." Sylvia Dev. Corp., 48 F.3d at 826. Even if Clift had submitted a complete application -- and the evidence in the record suggests that she did not -- Dvorak's discretion under section

_____

*It is not clear from the record which edition of the BOCA National Building Code applied in Anne Arundel County at the time of Dvorak's decision. The pertinent provisions of the 1990 edition, presented by appellees to this court and cited in this opinion, are identical in all material respects to their renumbered counterparts in the 1993 edition, currently in force in the County. See Anne Arundel County Code, art. 20, § 2-101.

4

112.1 to review applications and deny permits forecloses her claim of entitlement to the demolition permit.

Clift argues that, under section 105 of the building code, the issuance of a permit in her case was a "certainty." This section, however, merely lists criteria that must be met before a demolition permit may issue. Even assuming, as the code requires, that Clift obtained a release from her local utility companies, see Anne Arundel County Bldg. Code § 105.1, and provided written notice to her neighbors, see id. § 105.2, these actions simply satisfied the conditions precedent articulated in section 105. The building official's discretion under section 112.1 remains.

Clift further contends that Dvorak's exercise of discretion was a stalling tactic, intended to delay the demolition of her home until he and Ware could push their historic buildings ordinance through the county council. Be that as it may, "[t]he fact that the permit could have been denied on nonarbitrary grounds defeats the federal due process claim." Gardner, 969 F.2d at 71 (internal quotation marks omitted). As we have noted, Dvorak had the discretion to deny Clift's permit application for any shortcoming under the building code or any other law or ordinance. This discretion forecloses Clift's asserted property interest in the permit.

III.

Because Clift was not entitled to the demolition permit under state or municipal law, she did not have a property interest in that permit. Ware and Dvorak therefore did not deprive Clift of a right protected by the Fourteenth Amendment to the Constitution. For this reason, we affirm the judgment of the district court.

AFFIRMED

5